**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JOCELYNE CASIMIR,

      Plaintiff,

                                                         Case No.: 0:21-cv-61861-JEM

v.

ENHANCED RECOVERY COMPANY, LLC,

      Defendant.

_____/

**DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

      Defendant, Enhanced Recovery Company, LLC ("ERC" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, Jocelyne Casimir ("Plaintiff").

**JURISDICTION AND VENUE**

      1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions regarding the propriety of jurisdiction and venue in the state court from which ERC removed this action and, accordingly, no response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that this Court generally has subject matter jurisdiction over claims arising under federal statutes. ERC further admits that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted in this action.

      2.     The allegations contained in paragraph 2 of the Complaint are legal conclusions regarding the propriety of jurisdiction in the state court from which ERC removed this action and, accordingly, no response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that this Court may properly exercise personal jurisdiction over ERC.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions regarding the propriety of jurisdiction in the state court from which ERC removed this action and, accordingly, no response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that this Court generally has subject matter jurisdiction over claims arising under federal statutes.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions regarding the propriety of venue in the state court from which ERC removed this action and, accordingly, no response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted in this action.

## PARTIES

5. ERC admits that Plaintiff is a natural person. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies the allegations.

6. ERC admits that it is a limited liability company organized under the laws of the State of Delaware, and that it maintains an office in Jacksonville, Florida.

## DEMAND FOR JURY TRIAL

7. ERC admits that Plaintiff demands a trial by jury.

## FACTUAL ALLEGATIONS

8. ERC admits that it attempted to contact Plaintiff regarding an overdue obligation bearing Plaintiff's name that had been placed with ERC for collection by its customer, Barclays Bank Delaware ("Barclays").

9. ERC admits that an overdue obligation bearing Plaintiff's name was placed with ERC for collection by its customer, Barclays. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations.

10. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies the allegations.

11. ERC admits that it is in the business of providing collection services, among other services, on behalf of its customers.

12. ERC admits that it is in the business of providing collection services, among other services, on behalf of its customers.

13. ERC admits that it is in the business of providing collection services, among other services, on behalf of its customers.

14. ERC admits that it is licensed with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. ERC admits that its License Number with the Florida Office of Financial Regulation is CCA0900170.

16. ERC admits that it maintains all records required by Florida law.

17. ERC admits that it adequately maintains all records required by Florida law.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that it is in the business of providing collection services, among other services, on behalf of its customers.

19. ERC admits that it is a limited liability company. ERC denies that the FCCPA defines "person."

20. ERC denies that it disclosed any information about Plaintiff to any third-party.

21. ERC denies that it disclosed any information about Plaintiff to any third-party.

22. ERC admits that it used a letter vendor to send a letter to Plaintiff regarding an overdue obligation bearing Plaintiff's name that had been placed with ERC for collection by its customer, Barclays. ERC denies the remaining allegations contained in paragraph 22 of the Complaint.

23. ERC denies that it disclosed any information about Plaintiff to any third-party. ERC denies the remaining allegations contained in paragraph 23 of the Complaint.

24. ERC denies the allegations contained in paragraph 24 of the Complaint.

25. ERC denies the allegations contained in paragraph 25 of the Complaint.

26. ERC admits that it used a letter vendor to send a letter to Plaintiff, dated July 19, 2021, regarding an overdue obligation bearing Plaintiff's name that had been placed with ERC for collection by its customer, Barclays.

27. ERC admits that Exhibit A appears to be a true and correct copy of the letter ERC caused to be sent to Plaintiff, dated July 19, 2021.

28. ERC denies the allegations contained in paragraph 28 of the Complaint.

29. ERC admits that its letter to Plaintiff, dated July 19, 2021, contained a QR code. The remaining allegations contained in paragraph 29 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC denies the allegations.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC states as follows: ERC admits that it is generally bound by obligations under the FDCPA and FCCPA. ERC is without knowledge as to whether the FDCPA and FCCPA apply to the overdue obligation bearing Plaintiff's name that was placed with ERC for collection.

31. ERC denies the allegations contained in paragraph 31 of the Complaint.

32. ERC denies the allegations contained in paragraph 32 of the Complaint.

## COUNT I

33. ERC responds to paragraphs 1 through 32 of the Complaint as set forth fully above.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC states as follows: the FDCPA speaks for itself.

35. ERC denies the allegations contained in paragraph 35 of the Complaint.

36. ERC denies that Plaintiff is entitled to the relief requested in paragraph 36 of the Complaint.

## COUNT II

37. ERC responds to paragraphs 1 through 32 of the Complaint as set forth fully above.

38. The allegations contained in paragraph 38 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is deemed necessary, ERC states as follows: the FCCPA speaks for itself.

39. ERC denies the allegations contained in paragraph 39 of the Complaint.

40. ERC denies that Plaintiff is entitled to the relief requested in paragraph 40 of the Complaint.

## GENERAL DENIAL

41.     ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC for actual damages must be dismissed because Plaintiff has not alleged any facts showing an entitlement to such relief.

### Third Affirmative Defense

Plaintiff's claims against ERC for actual damages are barred to the extent Plaintiff failed to take action to mitigate such damages.

### Fourth Affirmative Defense

Plaintiff's claims against ERC must be dismissed because the FDCPA and FCCPA, as interpreted by Plaintiff in the Complaint, are unconstitutional as violations of ERC's rights under the First Amendment of the United States Constitution. The restrictions on speech contained in section 15 U.S.C. § 1692c and Fla. Stat. § 559.72(5) must be narrowly tailored to meet the legitimate harm that Congress and the Florida Legislature sought to address in the provisions—publication of personal and financial information to persons without a need for such information to invade the privacy of debtors and cause them embarrassment. Plaintiff's claims concerning ERC's business relationship with a mail vendor, who uses an automated system to send letters directly to the accountholder, does not cause the harm that Congress and the Florida Legislature sought to address in enacting these provisions.

**Fifth Affirmative Defense**

ERC denies that any information about Plaintiff or her account was disclosed to any third party or viewed by any natural person. To the extent that any natural person viewed information about Plaintiff or her account, ERC would not be liable for such actions, because any such disclosure would have been unintentional and a *bona fide* error that occurred despite ERC having policies and procedures in place to prevent such an error from occurring. Such procedures include that ERC transmits encrypted data files by secure file transfer protocol to RevSpring for it to print and mail letters to account holders on ERC's behalf using an automated process that does not require any natural persons to input information into the letter or view individual letters to process them. ERC has an agreement in place with RevSpring preventing RevSpring from disclosing or otherwise using the data that ERC transmits to it for the printing and mailing of letters on ERC's behalf, and ERC regularly audits RevSpring's processes, including performing site inspections, to ensure that the procedures for printing and mailing letters without human interaction are working as intended.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Scott S. Gallagher*
Scott S. Gallagher
Florida Bar No. 0371970
sgallagher@sgrlaw.com
Richard D. Rivera
Florida Bar No. 108251
rrivera@sgrlaw.com
Nicole L. Kalkines
Florida Bar No. 1003293
nkalkines@sgrlaw.com
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6111
Fax: (904) 598-6211

*Attorneys for Defendant, Enhanced Recovery Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Tel.: (954) 907-1136
Fax: (855) 529-9540
Email: jibrael@jibraellaw.com
Email: tom@jibraellaw.com
*Attorneys for Plaintiff*

  */s/ Scott S. Gallagher*
            Attorney

8