UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case Number: 21-61861-CIV-MARTINEZ-SNOW

JOCELYNE CASIMIR,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.
_____/

### ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, September 12, 2022 at 9:30 a.m.,** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **September 8, 2022 at 1:30 p.m.** at the same location.

    **IT IS ORDERED AND ADJUDGED** as follows:

    1.    No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

    2.    Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion.

### Pretrial Stipulations and Jury Instructions

    3.    Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte* strike any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the

circumstances.

4. The parties SHALL submit joint proposed jury instructions and/or proposed findings of fact and conclusions of law.

a. **Jury Trials**: For cases or claims that will be heard by a jury, the parties shall file a **SINGLE JOINT** set of proposed jury instructions and a joint proposed verdict form in accordance with the deadline set forth below. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only by the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority. A **Word version copy** of the joint proposed jury instructions and verdict form shall be e-mailed to martinez@flsd.uscourts.gov at the time of filing. **Failure to cooperate in good faith and/or to submit proposed jury instructions as required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

b. **Bench Trials**: For cases or claims that will not be heard by a jury, each party shall file proposed findings of fact and conclusions of law in accordance with the deadline set forth below. Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority. Copies of each party's proposed findings of fact and conclusions of law in **Word format** shall be e-mailed to martinez@flsd.uscourts.gov at the time of filing.

5. **Exhibits**: All exhibits must be pre-marked. Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. If there are many exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiff's exhibits 1–99 and Defendant's exhibits 100–200). A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

### Discovery

6. Discovery in this case shall be conducted in accordance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules, except the deadlines under Local Rules 16.1(d), (e), (h), (j), (k), and (l) may be modified by further order of the Court.

7. Pursuant to 28 U.S.C. § 636, all discovery motions and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations, are referred to **United States Magistrate Judge Lurana S. Snow** to take all appropriate action. This Order does not refer any motion that requests a continuance or extension of a deadline set by this Court. **The parties are responsible for indicating the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption and to comply with Magistrate Judge Snow's Discovery Procedure Order. Particularly, the parties shall not file any written discovery motions without the consent of Magistrate Judge Snow.**

8. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval.

### Scheduling Conference Report

9. **Within 20 days** of this Order, Counsel for the parties and *pro se* litigants shall meet <u>in person</u> for a scheduling conference pursuant to Local Rule 16.1(b). At this conference, the parties shall comply with the agenda set forth in Local Rule 16.1(b) and file a Conference Report **within 14 days** of the conference. The parties **are not required** to file a Joint Proposed Scheduling Order at this time.

The Conference Report shall include all information required by subsections (A), (B), and (D) through (K) of Local Rule 16.1(b)(2). **IN ADDITION TO THAT INFORMATION, THE REPORT SHALL INCLUDE THE FOLLOWING**: (1) whether the trial will be jury or non-jury; (2) an outline of the legal elements of each claim and defense raised by the pleadings (the parties are advised that this section shall not be a summary of allegations, but should be modeled on pattern substantive jury instructions applicable in this Court); (3) a good-faith estimate of the specific dollar valuation of actual damages and other relief at issue; and (4) the need for variance

from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance. Unilateral submissions are prohibited.

10. **Magistrate Jurisdiction Election Form**: As part of the Conference Report, the parties shall jointly complete and file with the Court the Magistrate Judge Jurisdiction Election Form appended to this Order as **Attachment A**. The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties shall jointly file the election form appended to this Order as **Attachment B**.

11. **The parties are to submit Certificates of Interested Parties and Corporate Disclosure Statements**. The Plaintiff, Defendant, Intervenors, and *Amicus Curiae*, including governmental parties, SHALL FILE a Certificate of Interested Persons and Disclosure Statement, which shall contain a **complete** list of persons, associated persons, firms, partnerships or corporations that have a financial interest in the outcome of this case, including **ALL** subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. At a minimum, this list should include the parties and any counsel that have appeared in this case. Next to each name should be the reason why such person or entity has a financial interest in the outcome of this case. For example, ABC Law Firm: counsel for Plaintiff XYZ Corporation. Each party shall file the original Certificate **by the later of (a) 15 days from the date of this order; or (b) if a party has not appeared in the case as of the date of this order, then such party may have until 15 days from the date of such party's initial appearance**. Throughout the pendency of this action, the parties shall be under a continuing duty to amend, correct, and update the Certificate. **The parties SHALL NOT include the names of the assigned District Judge and Magistrate Judge, merely by virtue of this case being assigned to them.**

12. The parties shall be under a continuing duty to ensure the Clerk of the Court is provided with the up-to-date service information.

13. In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide **the Court Reporter, Dawn Savino (Whitmarsh), at 400 N. Miami Ave., Suite 10-1, Miami, Florida, 33128, Dawn_Whitmarsh@flsd.uscourts.gov** with a copy or an email of: (a) the witness and exhibit lists, (b) a designation of unique proper nouns/names which may be used at trial, and (c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

14. If the case is settled, the parties are directed to immediately inform the Court at (305) 523-

5590 and file a notice of settlement. If the parties fail to notify the Court that they have settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

15. **Mediation Required**: In accordance with the deadline set forth below, the parties shall select a mediator certified under Local Rule 16.2(b) and schedule a time, date, and place for mediation. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation for this specific time, date, and place. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind-rotation basis. Counsel and all *pro se* litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation in accordance with the deadline set forth below. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

## SCHEDULING ORDER

The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable**. Failure to include such a statement may be grounds for denial of the motion.

| Date | Event |
|---|---|
| 1-17-2022 | Motions to join additional parties, amend the complaint, and class certification. |
| 2-14-2022 | Parties shall exchange expert witness summaries and reports. |
| 2-24-2022 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 3-16-2022 | Parties exchange rebuttal expert witness summaries and reports. |
| | Note: These provisions pertaining to *expert* witnesses do not apply to treating physicians, psychologists or other health providers. |
| 5-5-2022 | All discovery, including expert discovery, shall be completed. |
| 5-16-2022 | A mediator must be selected. |
| 6-6-2022 | All *Daubert*, summary judgment, and other dispositive motions must be filed. Each party is limited to filing a single *Daubert* motion of no more |

2

than 20 pages. Summary judgment motions, in addition to containing a Statement of Material Facts pursuant to Local Rule 56.1(a), shall be accompanied by a separately-filed Joint Statement of Undisputed Fact, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraphs. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

<u>Note</u>: If there are any unresolved discovery disputes pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved disputes together with their status.

| Date | |
|---|---|
| 7-14-2022 | Mediation shall be completed. |
| 7-29-2022 | All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion *in limine*, which may not, without leave of Court, exceed the 20-page limit allowed by the Rules. |
| 8-15-2022 | Joint Pretrial Stipulation must be filed. |
| 9-5-2022 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 9-8-2022 | Proposed *voir dire* questions must be filed. |

**<u>Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice.</u>**

It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth here to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of September, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Snow
All Counsel of Record

3

[Attachment A]

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. -CIV-MARTINEZ**

_____,

      Plaintiff,

vs.

_____,

      Defendant.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | |
|---|---|---|---|
| 1. | Motions for Costs | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 2. | Motions for Attorney's Fees | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 3. | Motions for Sanctions | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 4. | Motions to Dismiss | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 5. | Motions for Summary Judgment | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 6. | Discovery | Yes \_\_\_\_\_ | No \_\_\_\_\_ |
| 7. | Other (specify) _____ | | |

_____  _____
(Date)                (Signature--Plaintiff's Counsel)

_____  _____
(Date)                (Signature--Plaintiff's Counsel)

_____  _____
(Date)                (Signature--Defendant's Counsel)

_____  _____

[Attachment B]

(Date) (Signature--Defendant's Counsel)

[Attachment B]

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. -CIV-MARTINEZ**

,
    Plaintiff,

vs.

,
    Defendant.
_____/

**ELECTION TO JURISDICTION BY A
<u>UNITED STATES MAGISTRATE JUDGE FOR TRIAL</u>**

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

| | |
|---|---|
| _____ | _____ |
| (Date) | (Signature--Plaintiff's Counsel) |
| _____ | _____ |
| (Date) | (Signature--Plaintiff's Counsel) |
| _____ | _____ |
| (Date) | (Signature--Defendant's Counsel) |
| _____ | _____ |
| (Date) | (Signature--Defendant's Counsel) |